UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY | : : : |
| VS. | : : : C.A. NO 1:23-cv-470 |
| JORGE MORALES; M&D HOME SERVICE, INC.; and LUCRECIA ALEJANDRA ARELLANO GODOY, Individually, as Administratrix of the Estate of Jorge Dimas Bran, and as Natural Parent and Next Friend of TIFFANY DIMAS, a minor | : : : : : : : : |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, UNITED FINANCIAL CASUALTY COMPANY ("United"), for its Declaratory Judgment Complaint against Defendants, JORGE MORALES, M&D HOME SERVICE, INC., and LUCRECIA ALEJANDRA ARELLANO GODOY, alleges as follows:

Nature of the Action

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

2. United seeks a declaration as to its defense and indemnity obligations with respect to a matter presently pending in the Providence County Superior Court entitled *Lucrecia Alejandra Arellano Godoy, Individually, as Administratrix of the Estate of Jorge Dimas Bran, and as Natural Parent and Next Friend of Tiffany Dimas, a minor v. Jorge Morales, M&D Home Services, Inc., and Constance Tenney*.

3. A true and accurate copy of the operative complaint filed in the matter presently pending in the Providence County Superior Court, as entitled in ⁋ 2, is appended hereto as **Exhibit 1** (hereinafter referred to as "the Complaint") and incorporated by reference in its entirety.

1

4. United seeks a declaration that there is no defense or indemnity coverage for Jorge Morales and M&D Home Service, Inc. under a United Policy, policy number PGR94454024, issued to Jorge Morales and M&D Home Service, Inc., 175 Cooneymus Rd., New Shoreham, RI 02807, with effective dates of August 26, 2022, to August 26, 2023 (hereinafter referred to as "the Policy").

## Jurisdiction and Venue

5. United is a foreign corporation authorized to do business within the State of Rhode Island.

6. Upon information and belief, Defendant Jorge Morales (hereinafter referred to as "Morales") is a resident of New Shoreham, Rhode Island.

7. Upon information and belief, Defendant M&D Home Service, Inc. (hereinafter referred to as "M&D") is a Rhode Island corporation authorized to do business within the State of Rhode Island.

8. Upon information and belief, Defendant Lucrecia Alejandra Arellano Godoy (hereinafter referred to as "the Claimant") is a resident of the State of Rhode Island.

9. Upon information and belief, the amount in controversy exceeds $75,000.00.

10. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a)(1) in that United and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

11. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all of the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## The Policy

12. United issued the Policy, policy number PGR94454024, to Jorge Morales and M&D Home Service, Inc., 175 Cooneymus Rd., New Shoreham, RI 02807, with effective dates of August 26, 2022, to August 26, 2023

13. United expressly reserves its right to rely on the Policy in its entirety in seeking declaratory judgment that there was/is no duty to defend and/or indemnify Morales and M&D. United further expressly reserves the right to modify and amend this Complaint for Declaratory Judgment.

## The Complaint

14. On or about September 12, 2023, Lucrecia Alejandra Arellano Godoy, Individually as Administratrix of the Estate of Jorge Dimas Bran, and as Natural Parent and Next Friend of Tiffany Dimas, a minor, instituted the Complaint against Jorge Morales, M&D Home Service, Inc., and Constance Tenney in Rhode Island Superior Court, Judicial District of Providence.

15. The Complaint alleges that Constance Tenney hired Morales and M&D to perform construction services on her home located at 797 Mohegan Trail, New Shoreham, Rhode Island (Block Island).

16. The Complaint alleges that on February 14, 2023, Jorge Dimas Bran (hereinafter referred to as "Dimas Bran") was employed by Morales and M&D for a construction project at property owned by Constance Tenney, located on or off Mohegan Trail in New Shoreham, Rhode Island (hereinafter referred to as "the Project").

17. The Complaint alleges that, while working on the Project, Dimas Bran fell from an erected extension ladder, resulting in his death.

18. The Complaint alleges ten (10) counts against Morales, M&D, and Constance Tenney: (1) negligence of Jorge Morales; (2) negligence of M&D Home Service, Inc.; (3) vicarious liability against M&D Home Service, Inc.; (4) negligence of Constance Tenney; (5) negligence of Jorge Morales – loss of consortium; (6) negligence of M&D Home Service, Inc. – loss of consortium; (7) negligence of Constance Tenney – loss of consortium; (8) negligence of Jorge Morales – loss of society for Tiffany Dimas; (9) negligence of M&D Home Service, Inc. – loss of society for Tiffany Dimas; and (10) negligence of Constance Tenney – loss of society for Tiffany Dimas.

<u>First Count – Declaratory Judgment –</u>
<u>No Duty to Defend</u>

19. United incorporates paragraphs 1 – 18 as if fully set forth herein.

20. The initial grant of liability coverage in the Policy expressly and unambiguously provides, in relevant part, as follows:

**SECTION II – LIABILITY**
  **A. Coverages**
   **1. Business Liability**
      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Paragraph D. Liability and Medical Expenses Limits of insurance in Section II – Liability; and

      **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph f. Coverage Extension – Supplementary Payments.

. . . .

21. The Policy expressly and unambiguously excludes coverage for the employees of Morales and M&D, in relevant part, as follows:

   **B. Exclusions**

      **1. Applicable to Business Liability Coverage**

         This insurance does not apply to:

         . . .

      **d. Workers' Compensation and Similar Laws**

         Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

      **e. Employer's Liability**

         "Bodily injury" to:

         **(1)** An "employee" of the insured arising out of and in the course of:

            **(a)** Employment by the insured; or

            **(b)** Performing duties related to the conduct of the insured's business; or

         . . .

         This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

>> This exclusion does not apply to liability assumed by the insured under an "insured contract".

22. The Complaint fails to trigger coverage under the insuring agreement because, while Morales and M&D were insured under the Policy, the Policy excludes coverage for the claims alleged in the Complaint because Dimas Bran was an employee of Morales and M&D and was performing work on the Project in the course of his employment and in furtherance of the business of Morales and M&D, rather than as an independent contract as alleged in the Complaint.

23. United is entitled to a declaration that it does not have a duty to defend Morales and M&D with respect to the Complaint under the Policy.

<u>Second Count – Declaratory Judgment –</u>

<u>No Duty to Indemnify</u>

24. United incorporates paragraphs 1 – 23 as if fully set forth herein.

25. United is entitled to a declaration that it does not have a duty to indemnify Morales and M&D with respect to the Complaint under the Policy.

WHEREFORE, the Plaintiff, United, respectfully requests a judgement against the Defendants as follows:

A. Declaring that the Policy issued by United to Morales and M&D excludes coverage to Morales and M&D for the matters or things set forth in the Complaint for the matter presently pending in Providence County Superior Court entitled *Lucrecia Alejandra Arellano Godoy, Individually, as Administratrix of the Estate of Jorge Dimas Bran, and as Natural Parent and Next Friend of Tiffany Dimas, a minor v. Jorge Morales, M&D Home Service, Inc., and Constance Tenney*;

B. Declaring that United is not obligated to indemnify Morales and M&D under the Policy as to the allegations contained in the Complaint;

C. Declaring that United is not obligated to defend Morales and M&D under the Policy as to allegations contained in the Complaint;

D. Awarding United its attorneys' fees and costs in this action; and

E. Awarding such other and further relief allowed by law and/or equity as the Court deems just and proper.

        United Financial Casualty Company
        By its Attorneys,
        BENGTSON & JESTINGS, LLP

        /s/ *C. Russell Bengtson*
        C. RUSSELL BENGTSON #1233
        TAYLOR K. WOEHL #10598
        40 Westminster Street, Suite 300
        Providence, RI 02903
        Tel: (401) 331 – 7272
        Fax: (401) 331 – 4404
        rbengtson@benjestlaw.com
        twoehl@benjestlaw.com

Dated: November 10, 2023